*Young*

# United States Court of Appeals
## For the First Circuit

No. 03-2576
DC No. 02-02358

GRACIANO ALAMO-RODRIGUEZ, ET AL.,   02-2358 (DRD)

Plaintiffs, Appellants,

v.

KRAFT FOODS NORTH AMERICA, INC.,

Defendants, Appellees.

Before

Selya, Lynch and Lipez,
<u>Circuit Judges</u>.

JUDGMENT

Entered: August 4, 2004

After a careful review of the record, we summarily affirm. Appellants-plaintiffs appeal the district court's dismissal of their suit for failure to comply with court orders. They argue that (1) the court failed to notify their "active attorney," John Ward-Llambias, of its orders, and (2) the Appellees-defendants willfully failed to inform Ward-Llambias of the date of the Initial Scheduling Conference when they knew that he was unaware of the date.

Plaintiffs in fact had two counsel. Attorney Rivera-Ortiz was counsel of record on the complaint which was removed. Co-counsel Rivera-Ortiz received notices from the court of the various scheduled events, of which Ward-Llambias says he received no notice.

This court reviews a district court's dismissal for failure to comply with court orders only for abuse of discretion. See <u>Young v. Gordon</u>, 330 F.3d 76, 81 (1st Cir. 2003). Furthermore, Appellants are raising here for the first time their theory that defendants' attorneys' neglect was the cause of plaintiffs'

attorney failing to appear at the initial scheduling conference. Generally, a party may not advance an argument for the first time on appeal. See Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003).

In this case, the plaintiffs did not move for reconsideration of the dismissal in the district court, nor did they file a motion to alter or amend the judgment. See Fed.R.Civ.P. 59(e). Because they raise their argument for the first time on appeal, we will not consider it.

However, we note that, even if we were to entertain the argument on the merits, it is clearly frivolous and certainly does not demonstrate abuse of discretion. Plaintiffs counsel of record did receive notices. Attorney Ward-Llambias failed to file his notice of appearance in the district court until after the case was dismissed. This is likely why he may not have received notice of deadlines and dates of conferences from the court. This failure of Ward-Llambias can hardly be legitimately transformed into a failing of appellee's counsel. Moreover, appellants remained represented by co-counsel Rivera-Ortiz, who never moved to withdraw and who, it is conceded, did receive notices.

The judgment of the district court dismissing the complaint with prejudice is summarily affirmed. 1st Cir. Rule 27(c).

Affirmed.

By the Court:
Richard Cushing Donovan, Clerk.

JULIE GREGG

By: _____
Appeals Attorney

[cc:    John  Ward-Llambias, Esq.
       Marcos A. Rivera Ortiz, Esq.
       Ariadna  Alvarez, Esq.
       Lourdes C. Hernandez-Venegas, Esq.]